h FOGG, J.,
Dissenting.
I respectfully dissent as I believe reversible error resulted from the trial court’s refusal to allow the defense to present evidence of the-victim’s prior attempted forcible rape conviction. In: State v. Vaughn, 431 So.2d 358 (La.1982) (on rehearing), the Louisiana Supreme Court recognized that, in a case charging the aggravated rape of a white woman where the black defendants claimed the victim ■had encouraged their advances and consented to sexual intercourse, the trial court abused its discretion and committed reversible error in preventing cross-examination of the victim on the issue of the race of her brother-in-law, who was allegedly black. The court explained:
When “prejudice” to the prosecution is balanced against defendant’s constitutional right to present relevant evidence in support of his defense, the balance should be weighed in favor of admissibility in those cases in which the prejudice is minimal .... We therefore conclude that the trial judge should have exercised his discretion in favor of admissibility of the evidence, which (1) tended to prove a fact that was relevant and probative of the defense theory (but that had little prejudicial effect upon the prosecution’s theory) and (2) was so inextricably tied to Ms. Smith’s credibility that it bore significantly on the determination of whether Ms. Smith’s version was accurate and truthful. Doubtless, conscientious trial judges have difficulty making quick decisions on complex issues presented during a trial, and the “hindsight” of an appellate court’s review of a full record may more clearly reveal the significance of an issue. For this reason, appellate courts accord great deference to the decisions of trial judges. Nevertheless, when a reviewing court concludes on a review of the record that the trial court improperly prevented a defendant from offering evidence which is critical to the theory of his case, we must reverse because the error is not harmless beyond a reasonable doubt.
Vaughn, 431 So.2d at 37.0-71. (Citations omitted).
*622 Un the instant case, the defendant claimed she shot the victim because he threatened to rape her, slapped her, choked her, and attempted to pull her shorts down. The fact that the victim had been previously convicted of attempted forcible rape was extremely relevant to and probative of the defense theory and bore significantly on the determination of whether or not the defendant’s account of the incident was accurate and truthful. The victim’s prior conviction could have easily been established, establishing the conviction would not have consumed an undue amount of time, and any prejudice to the state arising from the evidence could have been addressed by argument concerning the age of the conviction. Therefore, the trial court should have exercised its discretion in favor of the admissibility of the evidence concerning the victim’s prior conviction for attempted rape and committed reversible error in keeping that evidence from the jury.